UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHAN A. FRANKLIN,

Plaintiff,

v.                                                    Case No. 26-cv-0025-bhl

MARTIN H. FLEMMING,
JEREMIAH J. HENDERSON,
AMBIA L. RICKS,
JASON TERRELL,
RUBIN MCMILLIAN,
TYRONE RICHMOND,
MICHAEL SABEL,
KELVIN TALLEY,
OFC COLE, and
OFC BANKS,

Defendants.

## SCREENING ORDER

Plaintiff Jonathan Franklin, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Franklin's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Franklin has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Franklin has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $11.48. Franklin's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Franklin, on September 13, 2023, while housed in the restricted housing unit and the Milwaukee Secure Detention Facility, he was trying to explain to Defendants Martin Flemming and Ambia Ricks why he disagreed with a conduct report. Franklin asserts that he tried to walk out of the room when Defendant Captain Cartagena blocked his way and grabbed his arm. Franklin states that Flemming then began to yell at him and grabbed him with both hands, while Cartagena shifted his grip to Franklin's shoulder. Franklin asserts that Flemming, Ricks, and

2

Cartagena began to shove him and threw his face against the door. Franklin clarifies that he posed no threat to the officers and was not resisting. He states that he was confused why they were using force against him.

Shortly thereafter, Defendants Kelvin Talley and Jeremiah Henderson reported to the area, and Henderson was directed to retrieve a restrain chair. Franklin asserts that Henderson grabbed him by the neck and started to strangle him. Ricks then entered with the restraint chair. According to Franklin, "Team One," which consisted of the remaining Defendants, secured him in handcuffs and leg restraints, and placed him in the restraint chair. Franklin asserts that Richmond then started to strangle him. Franklin also states that, as a spit mask was being placed on him, Cartagena dug his fingers into Franklin's throat. Cartagena instructed Ricks to use his taser, but Ricks only placed it against Franklin's thigh without using it. Franklin asserts that Flemming and Henderson punched him multiple times in his stomach and chest area and no one intervened. He was then placed in a cell.

### THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The "central question" when evaluating whether force used against a prisoner is excessive is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Based on the foregoing legal principles, the Court will allow Franklin to proceed on an Eighth Amendment excessive force claim against the Defendants based on allegations that they used unnecessary and excessive force against him and/or failed to intervene in the use of unnecessary and excessive force. Development of the record may reveal that Defendants applied force in a good-faith effort to maintain or restore discipline, but at this early stage and construing all reasonable inferences in Franklin's favor, Franklin states a claim. The Court notes that Franklin refers to Captain Cartagena as a Defendant in the body of his complaint but does not name him in the caption of the complaint. This appears to have been an oversight, so the Court will instruct the clerk's office to add Captain Cartagena as a Defendant.

**IT IS THEREFORE ORDERED** that Franklin's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk's office shall add Captain Cartagena as a Defendant in this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Franklin's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Martin Flemming, Jeremiah Henderson, Ambia Ricks, Jason Terrell, Rubin McMillian, Tyrone Richmond, Michael Sabel, Kelvin Talley, Officer Cole, Officer Banks, and Captain Cartagena.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Martin Flemming, Jeremiah Henderson, Ambia Ricks, Jason Terrell, Rubin McMillian, Tyrone Richmond, Michael Sabel, Kelvin Talley, Officer Cole, Officer Banks, and Captain Cartagena shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Franklin shall collect from his institution trust account the $338.52 balance of the filing fee by collecting monthly payments from Franklin's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Franklin is transferred to another institution, the transferring institution shall forward a copy of this Order along with Franklin's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

4

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Franklin is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 10th day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5