UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHAN A. FRANKLIN,

Plaintiff,

v. Case No. 26-cv-0025-bhl

MARTIN H. FLEMMING et al.,

Defendants.

**DECISION AND ORDER**

Plaintiff Jonathan Franklin, who is incarcerated at the Columbia Correctional Institution, is representing himself in this 42 U.S.C. §1983 case and proceeding on claims that eleven correctional officers used excessive force against him. On August 13, 2026, Defendants[1] filed a motion for partial summary judgment on the ground that Franklin failed to exhaust the available administrative remedies on his claims against all Defendants other than Martin Flemming. Dkt. No. 17. For the reasons explained below, the Court will grant the motion and dismiss without prejudice Franklin's claims against all Defendants other than Flemming.

**PROCEDURAL ISSUES**

Pursuant to the local rules, along with a motion for summary judgment, the moving party is required to file either a statement of material facts to which the parties have stipulated or a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L. R. 56(b)(1). Per the rules, the statement of proposed facts should consist of numbered paragraphs containing short factual statements with specific references to affidavits, declarations, parts of the record, and other supporting materials. Civil L. R. 56(b)(1)(C). Defendants submitted proposed findings of fact in support of their summary judgment motion in compliance with the local rules. *See* Dkt. No. 18.

The rules also require a party opposing a summary judgment motion to file a response to the moving party's proposed facts to make clear to the Court which, if any, of the proposed facts

[1] All Defendants other than Rubin McMillian are represented by the Wisconsin Department of Justice. McMillian was served with the complaint on June 1, 2026, but he has not responded to the complaint.

are in dispute. The opposing party must respond to each paragraph. Civil L. R. 56(b)(2)(B). Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L. R. 56(b)(4).

On August 20, 2026, the Court entered an additional notice and order highlighting for Franklin that he was required to "respond to each of the proposed findings of fact by agreeing with each fact or explaining why he disagrees with a particular proposed fact." Dkt. No. 20. The Court warned Franklin that if he "does not respond to a proposed fact, the Court will assume that Franklin does not dispute the proposed fact and will accept the proposed fact as true . . . ." *Id*. Finally, the Court noted that, although McMillian had not yet responded to the complaint, the arguments raised in the motion appeared to also apply to McMillian.

On September 16, 2026, Franklin filed a legal brief in response to Defendants' motion, but he did not respond to their proposed findings of fact, nor did he offer any of his own proposed findings of fact. Accordingly, as Franklin was warned, Defendants' proposed facts are deemed admitted for the purpose of deciding summary judgment. *See Phoneprasith v. Greff*, Case No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L. R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same). With these considerations in mind, the Court turns to the substance of Defendants' motion.

## BACKGROUND

On September 20, 2023, Franklin filed an inmate complaint about an incident that happened on September 13, 2023. The inmate complaint identified the "**<u>ONE</u>** issue" for which Franklin was requesting remedial action as "CO Flemming hit[ting] [Franklin] multiple times (9 or 11)" in his "chest & stomach while [he] was strapped down to a chair." Dkt. No. 19-2 at 12. Franklin asserted that he wanted to file battery charges against Flemming. In describing the incident more fully, he explained that he was angry following a hearing on a conduct report and "snatched away" from Flemming who was escorting him back to his room. He stated that "a team one was called" and he "was put in a restraint chair." He explained that he "kicked out of a leg restraint" and was struck multiple times in his left leg by an unknown person. He also stated that he then saw Flemming "strike [him] with both of his closed fist like 9 or 11 times." *Id.*

Two days later, on September 22, 2023, Franklin filed a second inmate complaint about the same incident. He again asserted that, after being placed in a restraint chair, Flemming hit him

in his chest and stomach with a closed fist. He repeated that he did not know who hit him in the leg, but he felt it. Dkt. No. 19-2 at 13.

On January 7, 2026, Franklin filed the complaint in this case, in which he alleged in addition to his claims against Flemming that Defendants Andre Cartagena and Ambia Ricks blocked his way, grabbed and pinched his arm, shoved him, and threw his face against a door; Defendants Jonathan Banks, Jeremiah Cole, Michael Sabel, and Jason Terrell threw him into a restraint chair; Defendant Jeremiah Henderson grabbed him by the neck and punched him; and Henderson, Cartagena, and Tyrone Richmond strangled him. Unlike his inmate complaints, Franklin does not allege that anyone punched him in the leg.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Franklin was incarcerated when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The parties do not dispute that Franklin pursued his inmate complaints through all levels of the inmate complaint review system. The only disputed issue is whether the inmate complaints provided notice to the institution of Franklin's claims against any Defendant other than Flemming. A "grievance suffices if it alerts the prison to the nature of the wrong for which redress

is sought." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). It "need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Id*. at 650.

Franklin's inmate complaints provided notice of only two issues for which he was seeking redress: 1) Flemming allegedly punching Franklin in the chest and stomach; and 2) an unknown officer punching Franklin in the leg. While Franklin referenced that a team was called, his only assertion against them was that he was "placed" in a restraint chair. This vague statement did not provide the institution notice of Franklin's allegations against the Defendants in this case—namely, that he was pinched, thrown against a wall, and choked. Moreover, although Franklin referenced being punched in the leg in his inmate complaints, he does *not* allege in this lawsuit that any of the Defendants punched him in the leg. Accordingly, the Court concludes that Franklin's inmate complaints failed to provide the institution with notice of the claims he filed in this case, thereby depriving the institution of the opportunity to address those claims before Franklin resorted to a federal lawsuit. Franklin therefore failed to satisfy the exhaustion requirement for his claims against any officer other than Flemming, and Defendants' motion for partial summary judgment on exhaustion grounds must be granted.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 16) is **GRANTED**. Franklin's claims against Jeremiah Henderson, Ambia Ricks, Jason Terrell, Tyrone Richmond, Michael Sabel, Kelvin Talley, Jeremiah Cole, Jonathan Banks, and Andre Cartegena are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, because the arguments raised in the motion also apply to Rubin McMillian, Franklin's claim against McMillian is also **DISMISSED without prejudice**.

Franklin's claim against Flemming will proceed. Discovery closes on **November 25, 2026**, and dispositive motions on the merits of Franklin's claim against Flemming must be filed by **December 28, 2026**.

Dated at Milwaukee, Wisconsin this 21st day of September, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge